## Anton Von Reeden v. W. B. Evans.

1. EVIDENCE—*Introduction of the Instrument with which an Assault is Committed.*—Upon the trial of an action for assault and battery, where there is evidence tending to establish its identity, it is not improper to introduce the weapon with which the assault was made.

2. ADMISSIONS—*Identity a Question for the Jury.*—Whether a statement or admission of a party has reference to the issue, is a question of fact for the determination of the jury, the duty of the court being to admit proof of the statement or admission, if there is evidence tending to show that it refers to the controversy in hearing.

3. INSTRUCTIONS—*Stating Propositions of Law—Assuming Facts.*— An instruction stating that one charged with a deadly assault can not avail himself of the claim of necessary self-defense if the necessity for such defense was brought about by his own deliberate wrongful act, does not assume that the appellant committed a deadly assault; it only

purports to declare a principle applicable to the case of one charged with a deadly assault.

4. DAMAGES—*Elements of, in Actions for Assault and Battery.*—In an action for assault and battery, the insult and indignity inflicted upon a person by giving him a blow in anger, rudeness or insolence, constitute an element of damages.

5. DAMAGES—*$2,365 Not Excessive.*—Where the defendant, while the plaintiff was sitting in a chair, approached secretly from behind and struck him a violent blow upon the head with a heavy chair, felling him to the ground and rendering him unconscious, $2,365 can not be deemed excessive, when the serious character of the injuries inflicted upon the appellee, the power of the jury to award exemplary damages, and the propriety of such an award, under the proof, are all considered.

**Memorandum.**—Trespass. Assault and battery. In the Circuit Court of Montgomery County; the Hon. JACOB FOUKE, Judge, presiding. Declaration in trespass. Pleas, general issue and *son assault demesne.* Replication : " And as to the second plea by the defendant above pleaded, the plaintiff says, *precludi non,* because he says that defendant did not act in his own necessary self-defense in committing the injury complained of, as alleged in said plea, and of this the plaintiff puts himself upon the country," etc. Trial by jury; verdict and judgment, $2,365 for plaintiff. Defendant appeals. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

D. H. ZEPP, RICKS & CREIGHTON, and PALMER, SHUTT & DRENNAN, attorneys for appellant.

LANE & COOPER, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was trespass to recover for an assault and battery made by appellant upon the appellee. The judgment below was for the appellee, from which this appeal. It was proven and not denied that the appellant struck the appellee upon the head with a chair. The appellant insisted that the blow was delivered in self-defense. Alleged erroneous rulings of the court upon questions of the admissibility of evidence demand attention.

Parts or pieces of a chair were, over the objection of the

appellant, exhibited to the jury, as being the same chair or pieces thereof with which the assault was made. The ground of the objection was that the chair was not sufficiently identified as being the one used by appellant on the occasion in question, and that its production was likely to prejudice the minds of the jury.

We find in the record testimony tending to establish the identity of the chair, amply sufficient to justify the action of the court in permitting its production to the jury, and that it is proper to introduce the instrument or weapon with which the evidence tends to show an assault was made, is undoubted.

One Williamson, a witness for the appellee, was allowed, over the objection of the appellant, to give in evidence a declaration made by the appellant, in a saloon at Litchfield, to the effect that he, the appellant, "had knocked hell out of them up at Nokomis." Appellant's counsel insist that it does not appear that this admission or statement had reference to the difficulty with the appellee. The name of the appellee was not used, it is true, but the assault upon him occurred at Nokomis, a few weeks previous to the conversation at Litchfield, and the words used by the appellant in their common meaning, clearly referred to the hitting or knocking of some one at Nokomis.

Whether a statement or admission of a party has reference to the issue, is a question of fact for the determination of the jury, the duty of the court being to admit proof of the statement or admission if there is evidence tending to show that it referred to the controversy in hearing.

The ruling of the court admitting the testimony was, we think, not improper. The appellant, when testifying, gave his version of the conversation or statement so alleged to have been made by him, and the jury had all attainable information upon the question, and we can not conceive that the appellant was improperly affected by the action of the court.

We have carefully read and considered the testimony upon which the jury acted, and find that the verdict is abundantly

sustained by the proof. The case made by the evidence in behalf of the appellee is that the appellant, when the appellee was sitting in a chair, approached secretly and struck him a violent blow upon the head with a heavy chair, felling him to the ground and rendering him unconscious. It was also proven that the appellant entertained strong feelings of hatred and ill will against the appellee.

The appellant admitted that he struck the blow, but insisted that he thought the appellee intended or was contemplating an assault upon him and that he struck in anticipation of danger. His version found support in the testimony of but one witness, but other evidence tended strongly to show that such witness was not present when the blow was given. The testimony of the persons wʰo were present (if we exclude the witness just referred tᵒ , as the evidence justified the jury in doing) fully authʳⁱzed the jury to accept the appellee's version of the e sault. Nor do we think substantial error is to be found ⁱ ᵢ the instructions.

Objections are urged to some of th ᵣ instructions given in behalf of the appellee, among other; the second. It states as a proposition of law that one charged with a deadly assault can not avail himself of the claim of necessary self-defense, if the necessity for such defense was brought about by his own deliberate wrongful act. It is not complained that an incorrect rule of law is announced, but it is insisted that the instruction assumes that the appellant committed a deadly assault. We think not; it only purports to declare a principle applicable to the case of one charged with a deadly assault.

Counsel for appellant erroneously suggest that the declaration does not allege that the assault was a deadly one. While this seems unimportant, yet it may not be amiss to note that the charge in the first count of the declaration is that " the appellant struck the appellee upon the head with a large and heavy chair, fracturing and injuring the plaintiff's skull in so grievous a manner that his life was despaired of," etc. It is further objected that this instruction practically advises the jury that " the only kind of self-defense of which

the appellant could avail himself is necessary self-defense; thus, it is thought, ignoring the right of defense against an apprehended apparent danger.

We do not so understand or construe it. It is only by a forced and strained construction that even an implication to that effect may be drawn. The right given the appellant by law to act in self-defense against a danger only apparent was fully made known, and so clearly stated to the jury in the instructions given for the appellant, that it would be highly unreasonable to suppose that they might have been misled as to appellant's rights in that respect by the technical and forced construction sought to be given to the instruction under consideration.

The chief objection to this instruction is that it states an abstract principle, having but little if any application to the facts of the case, for it is not contended that appellant brought on a difficulty, or by any wrongful act caused an affray, and sought to avail himself of the right of self-defense in the course of a combat.

But we do not see that a knowledge of the abstract rule would tend in any way to mislead or confuse the jury. We regard the instructions as being unnecessary but not vicious or hurtful.

The seventh instruction for the appellee is as follows:

VII. The jury are instructed that in an action of assault and battery, the insult and indignity inflicted upon a person by giving him a blow in anger, rudeness or insolence, constitute an element of damages, and in this case, if the jury believe from the evidence that the defendant committed an assault upon the plaintiff, as charged in the declaration, then the jury, in assessing damages, may consider as an aggravation of the wrong the mental suffering and mortification of feeling of the plaintiff, arising from the insult and indignity of the defendant's blow, if any such is proved.

The complaint is that this instruction directs the jury, if they believe from the evidence that the appellant made the assault upon the appellee, to find for the appellee, and, as appellant insists, wholly ignoring all right of self-defense.

The objection is not well taken.   The instruction was intended only, and purports only, to advise the jury as to certain elements of damages which they might consider if they find for the plaintiff.

There seems no reason to believe that it might have been otherwise understood, even if standing alone; but when considered in connection with the other instructions it is manifest that it could not have been misapprehended.

The criticism upon the other instructions given for the appellee is technical, and does not touch the substantial correctness of the principles of law announced.   It is not complained that the court refused or erroneously modified any instruction asked for by the appellant.   Those given covered the whole range of the facts and every legal aspect of the case, and liberally recognized and declared the right of self-defense, not only as against real danger, but also as against only apparent or apprehended danger.   The damages, though large, can not be deemed excessive, when the serious character of the injuries inflicted upon the appellee, the power of the jury to award exemplary damages, and the propriety of such an award under the proof, are all considered.

We find no substantial error upon points raised in the record, and can not say but that the judgment is right in every respect upon the merits.   The judgment is affirmed.