## THE ANTHONY ITTNER BRICK COMPANY

*v.*

### JOHN W. ASHBY, Admr.

*Opinion filed October 25, 1902.*

1. TRIAL—*when motion to instruct for defendant is waived.* If the defendant offers evidence in its behalf after the court has overruled its motion for peremptory instruction such motion is waived, and if not renewed at the close of all the evidence the question of the sufficiency of the evidence to sustain the verdict is not preserved for review as a question of law.

2. APPEALS AND ERRORS—*bill of exceptions must show affirmatively that error intervened.* To overcome the presumption that the trial court ruled correctly in refusing to permit a witness to answer questions the bill of exceptions must show affirmatively that error was committed, and it is necessary that what it is claimed the answers would have been be made to appear before it can be determined that it was prejudicial error to exclude them.

3. SAME—*correct abstract instruction may be given.* It is not error to give an instruction stating an abstract rule of law if it has no tendency to mislead the jury.

4. DAMAGES—*elements which may be considered in estimating pecuniary loss.* In estimating the pecuniary loss to the widow and minor children of the deceased the jury may consider the value of the future support and maintenance of the widow and minor children, and the value of the services of the deceased in the attention to and care, superintendence and education of the minor children, of which they have been deprived by his death.

*Anthony Ittner Brick Co.* v. *Ashby,* 100 Ill. App. 604, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

H. M. POLLARD, for appellant.

DILL & WILDERMAN, and WEBB & WEBB, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of St. Clair county in favor of the appellee and against the appellant, for negligently causing the death of James Askew, appellee's intestate.

The declaration contains one count, which alleges, in substance, that the defendant was the owner of a plant for the manufacture of brick; that it kept upon its yards a pile of clay one hundred and fifty feet long, fifty feet wide and fifteen feet high, the breast of which was perpendicular; that from the manner in which the clay was piled it was liable to cave and fall down; that plaintiff's intestate was in the employ of the defendant; that it was the duty of the defendant to provide said intestate with a safe place in which to work; that said intestate was inexperienced in handling clay and unacquainted with the dangers surrounding the place at which he was required to work; that the defendant failed and neglected to notify said intestate of such danger; that the defendant directed said intestate to shovel clay into tram-cars from the bottom of said pile at the breast; that the defendant neglected to provide any means to prevent said clay from caving and falling upon said intestate, and that while said intestate was engaged in such employment with all due care for his own safety, said clay suddenly and without warning broke off from the upper edge of the breast of said pile and fell with great force

upon said intestate, from the effects of which he died. The general issue was filed, and upon a trial there was a verdict and judgment in favor of the plaintiff for the sum of $3000.

The appellant has assigned as error (1) that the court refused to take the case from the jury; (2) that the court admitted incompetent and irrelevant testimony on behalf of the appellee and rejected competent and relevant testimony offered on behalf of the appellant; and (3) that the court gave improper instructions to the jury on behalf of the appellee and refused proper instructions offered on behalf of the appellant.

The argument in this court is largely devoted to a discussion of the facts, and it is urged that the case should be reversed mainly upon the ground that appellee's intestate had assumed the risk of the clay caving and falling upon him while engaged in handling the same. That question was involved as a question of fact in the trial and Appellate Courts but is not involved in this court, as it has been conclusively settled in favor of appellee, as a question of fact, by the judgment of the Appellate Court.

At the close of the plaintiff's evidence the defendant moved the court to instruct the jury to find the issues for the defendant, which the court declined to do, and the defendant then offered evidence in its behalf, but did not renew its motion to take the case from the jury at the close of all the evidence.   The motion made at the close of the plaintiff's evidence was therefore waived, and the question of the sufficiency of the evidence to sustain the verdict, as a matter of law, is not raised on this record. *Humiston, Keeling & Co.* v. *Wheeler,* 175 Ill. 514.

A number of objections have been urged against the rulings of the trial court in admitting and rejecting evidence, all of which are extremely technical, and none of which, in our judgment, constitute reversible error, and while we have considered them all we deem none of them

of sufficient importance to merit special comment, with the exception of the one urging that the court erred in refusing to permit Warren Ittner, who, it was claimed, was a stockholder of the appellant, to narrate a conversation had with the deceased shortly after the injury. If Ittner was a stockholder of the appellant at the time of the injury, under the repeated decisions of this court (*Thrasher* v. *Pike County Railroad Co.* 25 Ill. 393; *Consolidated Ice Machine Co.* v. *Keifer*, 134 id. 481; *Albers Commission Co.* v. *Sessel*, 193 id. 153;) he was incompetent to testify against the appellee, who was suing as the representative of James Askew, deceased. The question whether the witness was a stockholder was left in doubt, and it does not appear that the evidence was held incompetent by reason of the fact that he was a stockholder. In any event, as there was no offer made by counsel and no statement of what he expected the witness would answer, and the record is entirely silent as to what appellant expected to prove by the witness, it does not appear that the appellant was injured by reason of the rejection of the testimony. For aught that appears, the conversation sought to be elicited from the witness was immaterial, unimportant or in favor of appellee, and therefore valueless to appellant. To overcome the presumption that the ruling of the trial court was right, the bill of exceptions must affirmatively show that error was committed. What appellant claims the answer would be, must be made to appear before it can be determined that it was prejudicial error to exclude the answer.

The appellant complains of the action of the court in giving the first, second, third and fourth instructions offered by the plaintiff and in refusing to give to the jury the twelfth instruction asked for by the defendant. The criticism made upon the first, second and third instructions is, that they each lay down abstract propositions of law and do not apply the law to the case on trial. We do not think them subject to such criticism. They each

state the law correctly and are based upon the evidence, and advise the jury as to legal principles relative to the case proper for the jury to consider with reference to the evidence as to certain facts upon which the jury were requested to pass. (*Western Tube Co.* v. *Polobinski,* 192 Ill. 113.) It is not error to give an abstract proposition of law to a jury as an instruction if it will not mislead them. · *Johnson* v. *People,* 197 Ill. 48.

It is said of the fourth instruction, it is wholly meaningless. While it is bunglingly drawn, we do not think the jury were misled by it. The effect thereof was to advise the jury that if they found the defendant guilty, then, in estimating the pecuniary loss, if any, which the widow and minor children of the deceased had sustained by his death, they might take into consideration the value of the future support and maintenance of the widow and minor children, and the value of the services of the deceased in the attention to, and care, superintendence and education of, his minor children, of which they have been deprived by his death. This court, in *Illinois Central Railroad Co.* v. *Weldon,* 52 Ill. 290, and *Chicago, Rock Island and Pacific Railroad Co.* v. *Austin,* 69 id. 426, held that the subject matter of this instruction was proper for the consideration of the jury in fixing the amount of their verdict.

The subject matter of defendant's twelfth instruction was fully covered by the seventeenth, eighteenth, nineteenth and twentieth instructions given for the defendant. It is not error to refuse an instruction when other instructions given contain the same principles. *McMahon* v. *Sankey,* 133 Ill. 636.

We find no reversible error in this record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*