## City of Joliet v. Henry-Le Pla.

1. APPELLATE COURT PRACTICE—*Assignments Not Argued.*—Assignments of error not argued in this court are waived.

2. DAMAGES—*When $2,000 Not Excessive.*—Plaintiff, on the fourth day after his fall, became partially paralyzed, and has been under the care of a physician nearly ever since. He has been unable to perform any work most of the time since he received the injury and has suffered much pain, being for a long time unable to hold his head erect, such condition being the result of his fall. Before his injury he earned $1,600 to $1,700 per year. During the two years, nine months and twenty days intervening between his injury and the trial he has only been able to earn about $150. He has now not fully recovered, and medical witnesses express the opinion that his injuries are permanent. *Held,* $2,000 not excessive.

3.  PHYSICIANS—*Injured Party Not an Insurer that Doctors Employed Will Be Guilty of No Negligence.*—The law does not make a plaintiff in a personal injury case an insurer that the surgeons or doctors he employs will be guilty of no negligence, error of judgment or want of care.  The liability to mistake in treatment is incident to the injury, and if plaintiff has used ordinary care in the selection of his physicians and in obeying their directions, the injury resulting from the mistakes of the physicians is regarded as part of the immediate and direct damage resulting from the original injury.

Trespass on the Case, for personal injuries.  Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge presiding.  Heard in this court at the April term, 1903.  Affirmed.  Opinion filed June 25, 1903.

LOUIS LAGGER, attorney for appellant.

DONAHOE & MCNAUGHTON, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

As Henry Le Pla was going from his place of business to his home about seven o'clock in the evening of January 2, 1900, he approached the bridge over Hickory Creek, on Second avenue, in the city of Joliet, upon the opposite side of the street from that upon which he usually traveled, and stepped into a hole in the sidewalk and fell and struck his head against an iron post supporting the railing of the bridge.  He sued the city to recover damages for the injury thus received, which his declaration attributed to the negligence of the city, and recovered a verdict and a judgment for $2,000.  The city appeals.  The assignments of error question rulings of the trial court upon evidence and instructions, but these are not argued, and the instructions are not set out in the abstract.  These assignments are therefore waived.  (Lewis v. King, 180 Ill. 259; Pennsylvania Co. v. Bond, 202 Ill. 95; Harding v. The People, 202 Ill. 122.)  Defendant's main contention is that the damages are excessive.  The fourth day after his fall plaintiff became partially paralyzed.  He has been under the care of physicians nearly ever since.  He has been unable to perform any work most of the time since he received the injury.  He suffered much pain, was for a long time unable

to hold his head erect, and suffered various physical ills which we need not describe. The proof shows they were the results of his fall. Before the injury he earned about $1,600 to $1,700 per year. During the two years, nine months and twenty days intervening between his injury and the trial he was only able to earn about $150. He has not fully recovered, and medical witnesses expressed the opinion his injuries are permanent. It is obvious the damages awarded are but slight compensation for the injuries plaintiff sustained. The proof shows the plank had been out of the walk so long that the jury were warranted in finding the city had constructive notice of the defect.

Upon it becoming apparent he was seriously injured plaintiff called a physician. After a little time he changed physicians, and has been in charge of the second physician nearly all the time since. The latter was a witness, and attributed plaintiff's partially paralyzed condition to a clot of blood upon the brain, and explained his partial recovery by its absorption. Two months or ten weeks after plaintiff was hurt a person who practiced osteopathy called upon plaintiff at the instance of a neighbor, and examined plaintiff and told him he could cure him, but did not explain to plaintiff what he considered was the matter with him. Plaintiff asked what the charge would be, and a price was named which plaintiff said he was unable to pay. It appeared plaintiff had never heard of osteopathy before, and did not manifest any confidence in the ability of the osteopath to cure him. More than a year later he called in the osteopath. The latter testified he found a lateral and partial displacement of the articulation between the occipital bone and the atlas, which he reduced, after manipulation to stretch the muscles and ligaments, and he forced the articulating process back to the proper position. He gave it as his opinion that this displacement had produced a pressure upon the vertebral artery and upon some of the cervical nerves, resulting in the condition of partial paralysis, though he would not deny the presence of a blood clot in the brain. Soon after this treatment plaintiff

City of Joliet v. Le Pla.

was relieved of the more serious results of his fall. The osteopath gave it as his opinion that if the articulating process had been restored to its proper position immediately after the accident plaintiff would have recovered soon, or that the chances of recovery would have been much better.

Defendant's chief contention is that if plaintiff had called proper medical or surgical assistance he would have been speedily restored to his former condition and without permanent injurious effects; that the physicians he employed did not discover the real cause of his serious condition and therefore did not apply the proper corrective, and were negligent in their treatment of the case; that most of the injury and loss plaintiff has suffered are the results of their negligence, and the city is not responsible therefor; and that the size of the verdict shows the jury improperly held defendant responsible beyond the period when by proper treatment plaintiff would have been cured. The physicians plaintiff called appear to have been regular practitioners. There is nothing to indicate they were not men of ordinary skill in their profession. Where plaintiff is injured by the negligence of defendant, and plaintiff has used ordinary care in the selection of doctors or surgeons, and has employed those of ordinary skill and care in their profession, but by their negligent act an unfavorable result is obtained, defendant is liable for that result. The law does not make a plaintiff an insurer that the surgeons or doctors he employs will be guilty of no negligence, error of judgment or want of care. The liability to mistake in treatment is incident to the injury, and if plaintiff has used ordinary care in the selection of his physician and in obeying his directions, the injury resulting from the mistakes of his physician is regarded as part of the immediate and direct damage resulting from the original injury. (Pullman Palace Car Co. v. Bluhm, 109 Ill. 20; Chicago City Ry. Co. v. Cooney, 196 Ill. 466.) If there is any conflict between the cases just cited and what is said *arguendo* in Schmidt v. Mitchell, 84 Ill. 195, they are later and must

control. See also note to J. T. & K. W. R. R. Co. v. P. L. T. & M. Co., 17 L. R. A. 33, on page 34; Selleck v. City of Janesville, 100 Wis. 157, and 41 L. R. A. 563; same v. same, 104 Wis. 570, and 47 L. R. A. 691. It follows that if the osteopath was right in his conclusions, and if the physician previously called failed to discover what treatment was required to afford relief, still that does not excuse defendant from liability for all the injuries plaintiff suffered by reason of his fall. It is therefore unnecessary to decide between these conflicting professional theories.

The judgment is affirmed.