State Bank of Chicago, Administrator, Plaintiff in Error, v. Mandel Brothers, Defendant in Error.

## Gen. No. 17,768.

1. MASTER AND SERVANT—*injury in line of duty.* At the time when it was the custom for elevator conductors to clean their cars, a conductor was found in a compartment adjoining his elevator with his head crushed and in contact with a moving counterweight of another car. There was no open space along the side of decedent's elevator car, which contained a window, other than such compartment, the doors of which had been seen to be open two or three times. The purpose of the compartment was to prevent contact with the machinery of the elevators and at the same time permit it to be easily oiled and cared for. *Held,* no inference could be drawn that the deceased, in the line of his duty, was cleaning the outside window of his elevator, and a peremptory instruction was properly granted.

2. MASTER AND SERVANT—*when doctrine of attractive nuisances does not apply.* Where a nineteen-year-old elevator conductor is found dead in a compartment that contained elevator machinery, adjoining his car, the doctrine of attractive nuisances has no application.

3. APPEALS AND ERRORS—*saving questions.* Where an elevator conductor was found with his head crushed and in contact with a moving counterweight of another car, on objection sustained to a question to a witness who discovered the body as to what the other elevator boy said when he came there two or three minutes later, such elevator boy not being a witness and it not being shown that the witness heard him make any statement and the record not showing what plaintiff claims the answer would be or any offer of counsel, it cannot be determined whether the alleged statement was admissible as part of the *res gestae.*

Error to the Circuit Court of Cook county; the HON. WILLIAM M. SCHOLFIELD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 14, 1913.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for plaintiff in error.

LACKNER, BUTZ & MILLER and W. G. SHOCKEY, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This is an action brought for damages on account of the death of plaintiff's intestate, alleged to have been caused by the wrongful act of the defendant. There was a trial before the court and a jury, and at the close of all of the evidence the court, on motion of the defendant, directed a verdict in its favor. From the judgment entered on the verdict this writ of error has been prosecuted.

The evidence tended to show that deceased was employed by the defendant as an elevator conductor in defendant's department store in Chicago; that he ran the west of two elevators located in the northeast corner of the building, known as the employees' elevators; that he usually reported for work at 7:20 in the morning, and that it was the practice for him, as well as other elevator men, to spend twenty or twenty-five minutes in cleaning the cars; that just west of the elevator upon which the deceased was employed there was a compartment about two and one-half or three feet wide, ten feet high, and as long as the elevators were wide; that in the extreme west of this compartment were sliding doors; that in the side of the elevator car nearest this compartment was a window about two and one-half or three feet square; that the counterweights of both elevators moved up and down in this compartment. It further appears that about 7:45 on the morning of the accident one Wieland, a witness for the plaintiff, was passing the compartment and found the body of deceased, his head crushed and in contact with the south counterweight, which was moving upward. The body fell away from the counterweight back in the compartment.

The record further shows that there was no guard or enclosure immediately around these counterweights; that there was no other open space alongside the west side of the west elevator, which was the one operated by the deceased; that the doors of the compartment

had been seen to be open two or three times by one of the witnesses. It was further shown that the plaintiff's intestate was a punctual young man of good habits, careful and prudent, about nineteen years old; that he had worked for defendant two weeks before the accident.

It is the contention of the plaintiff that the facts as shown fairly warranted an inference by the jury that plaintiff's intestate, in the line of his duty, was cleaning the outside window of the elevator, and that defendant was negligent in failing to box or guard the elevator counterweights, and in failing to provide means of warning when the machinery of the east elevator was to be set in motion, as alleged in plaintiff's declaration; and further, that the evidence was sufficient to establish that plaintiff was in the exercise of ordinary care, and to negative the assumption of risk.

In the first count of the declaration negligence is predicated upon the alleged fact that defendant permitted the elevator (attached to which was the weight referred to) to be operated before the regular time for operating. The accident happened about 7:45 in the morning, and it appears uncontradicted in the record that the custom was to operate the elevators at any time after 7:20 in the morning. They were used by the elevator operators themselves to go to the top floor for the purpose of getting cleaning material, etc. There is nothing in the record to indicate that the defendant knew or had reason to know that the deceased was in the compartment. The compartment was used solely for the machinery which ran the elevators.

We agree with counsel for plaintiff on the proposition that if the evidence introduced on behalf of the plaintiff, when taken to be true, together with all its legitimate inferences, tended to support a cause of action, it should properly have been submitted to the jury. Libby, McNeill & Libby v. Cook, 222 Ill. 206.

But we are unable to draw the inference from the record in this case that the plaintiff's intestate had any work which called him into the compartment, or which made his presence there necessary. The evident purpose of building the compartment around the machinery was to prevent any one from being injured by coming in contact with the machinery, and at the same time permit the machinery to be reached so that it could be oiled and otherwise cared for. The deceased was not a child, and cases bearing upon the question of attractive nuisance, such as Stollery v. Cicero & P. St. Ry. Co., 243 Ill. 290, referred to in the brief, have no application. The same observation might be made as to the case of Waschow v. Kelly Coal Co., 245 Ill. 516. The charge in that case was that the defendant had failed to comply with the provisions of the Mines and Miners Act, and the court found from the evidence that it could not be seriously contended that the mine was not in an unsafe and dangerous condition, substantially as alleged in the declaration.

In O'Donnell v. MacVeagh, 205 Ill. 23, the court had before it a case arising out of the death of an employee who went upon an elevator where his duties did not require him to go, and it was there held that no recovery could be had. It is not claimed in the case before us that there is any positive evidence that the deceased was required to go into the compartment, but merely, as heretofore stated, that the facts warranted the inference that such was his duty.

Error is alleged in the exclusion of testimony. Wieland, the witness heretofore referred to as having discovered the body of the deceased, testified that two or three minutes later, the boy who ran the east elevator came down. The witness was asked the question: "What did he say when he came up there?" Objection to the question was sustained. It is contended that this was part of the *res gestae*. The record does not show what the plaintiff claims the answer would have been. No offer with regard to the matter was

282　　APPELLATE COURTS OF ILLINOIS.

Kinney Rodier Co. v. Nat. Parlor Furn. Co., 176 Ill. App. 282.

made by counsel. In a similar situation it was held that to overcome the presumption that the ruling of the trial court was right, the bill of exceptions must affirmatively show that error was committed, and that the party complaining must show what it is claimed the answer would be "before it can be determined that it was prejudicial error to exclude the answer." Anthony Ittner Brick Co. v. Ashby, 198 Ill. 562. The other elevator operator was not a witness, nor is it shown that Wieland heard him make any statement. Under the circumstances we think the court did not err in sustaining the objection.

As in our opinion the record does not show that the defendant was guilty of any of the acts of negligence alleged in the declaration, it is unnecessary to consider the question as to whether or not there was any negligence on the part of plaintiff's intestate which contributed to the accident. The judgment will be affirmed.

*Affirmed.*