## The People of the State of Illinois, Defendant in Error, v. William Mullen, Plaintiff in Error.

### Gen. No. 5,693.

1. CRIMINAL LAW—*when errors waived.* Errors assigned on the record but not urged or suggested on appeal are waived.

2. ASSAULT—*self defense.* The Criminal Code, §§ 148 and 149 relating to self defense must be construed together.

3. CRIMINAL LAW—*when party cannot complain of instructions.* A party cannot complain that certain instructions are erroneous where his instructions contain the same defect.

4. ASSAULT—*self defense.* Where defendant testifies that he used only the force necessary to defend himself it is not error to instruct both as to the law of necessary self defense and of apparently necessary self defense.

5. CRIMINAL LAW—*instructions.* Where none of several instructions as to self defense direct a verdict, even if part thereof, which relate only to the law of necessary self defense, standing alone are erroneous, such error is cured when other instructions fully give the law applicable to apparently necessary self defense.

6. CRIMINAL LAW—*abstract instructions.* An instruction giving an abstract proposition of law is not erroneous if not misleading.

7. ASSAULT—*self defense.* In a prosecution for assault with intent to do great bodily injury, where there is evidence that defendant made an attack after the complaining witness ceased to attack him, the People have a right to an instruction on the theory that the defense of necessary self defense is not established if the jury believe such evidence.

8. CRIMINAL LAW—*instructions.* Where the words "If you believe from the evidence" are used in the first clause of an instruction, it is not necessary to repeat the restriction, "from the evidence," in subsequent clauses.

9. CRIMINAL LAW—*when instructions not objectionable as assuming that defendant committed act mentioned therein.* An instruction which only purports to declare a principle of law applicable to the case is not objectionable on the ground that it assumes that defendant committed the act mentioned therein.

Error to the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913. Rehearing denied April 15, 1913.

H. B. SMITH and GRAVES & GIBBONS, for plaintiff in error.

C. F. HANSON, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

Plaintiff in error was indicted by the Grand Jury of Grundy county for an assault on one W. S. Golden, with intent to commit murder, the indictment containing counts for an assault with a deadly weapon with intent to do great bodily injury, where no considerable provocation appears. He was tried and convicted of the lesser offense. Motions for a new trial and in arrest of sentence were overruled and he was sentenced by the trial court to seven months' imprisonment in the county jail and fined $125 and costs of suit. He sues out this writ of error to review the judgment and in the briefs counsel file here argues only that the evidence does not support the judgment and that the court erred in giving certain instructions for the People.

The affair took place in a saloon in Gardner, Grundy county, Illinois, in the evening of July 8, 1911. Plaintiff in error and Golden had been in the saloon most of the day drinking and had some slight quarrel after supper. In the early evening Golden left the saloon to go to the hotel kept by Mullen and his wife near by, plaintiff in error still remaining in the saloon. Golden soon returned and an altercation took place

between them in the front part of the saloon which was partitioned off from the bar. No witness, other than the parties, saw the beginning. The statement of each party as to what occurred was in evidence before the jury. Golden's statement is that he was in the saloon drinking with Mullen; got into an argument; went down to the hotel to pack his grips and leave; Mrs. Mullen told him there was a telephone call for Mullen; he went back to the saloon and told Mullen his wife wanted him; Mullen told him to mind his own business; he went back to the hotel, told Mrs. Mullen that Mullen was busy; she said "Go back and tell him he has got to come now;" that he went back to tell him; laid his hand on Mullen's shoulder and told him to come on, when Mullen struck him with a knife; Golden then grabbed Mullen by his two wrists and the saloon keeper separated them. Mullen's statement is that he was in the saloon with Golden drinking; that they had some dispute; that Golden grabbed him by the arm and was taken away by a third party; that he Golden, then threatened that he would go to the hotel and pay up and come back and get him, and left; and he, Mullen, stayed in the saloon fifteen or twenty minutes; was standing at the cigar case in front of the bar with a small knife in his hand clipping the end of a cigar, when Golden came in the front door hurriedly, made a grab at him and a threat; seized him by the collar and threw him into the cigar case and he then struck Golden with his knife; that they were struggling and he tried to get away from Golden when the saloon keeper came in and separated them; that his arm was cut and that he used no more force than necessary in repelling the assault.

Mullen was arrested and there was a preliminary trial before a justice of the peace. Golden then testified, and afterwards, before the trial on the indictment, died from some cause other than the wounds he received. Evidence of his testimony before the justice was introduced in the trial court, over the objec-

tion of counsel. Exception was properly taken and error assigned on the record that the court erred in admitting improper testimony for the People, but counsel does not urge or suggest that subject here, therefore the error, if any is waived. Alleged errors, not stated or suggested in appellant's brief, will not be considered even though assigned on the record. Lewis v. King, 180 Ill. 259; City of Joliet v. Le Pla, 109 Ill. App. 336.

It appears from the testimony of the physician to whom Golden was taken immediately after the affair, that serious knife wounds were inflicted upon him which, had they been slightly different in location on the body would have resulted in death. There was much conflict in the evidence, the statement of each party being to some extent corroborated, and as said by the Supreme Court in Gainey v. People, 97 Ill. 270, cited by counsel for plaintiff in error on another point, "The law, whether wisely or unwisely, entrusted the consideration and decision of that question to the jury, and when it, having honestly, according to the best lights before it, performed that duty, its determination must be accepted as conclusive, unless it is reasonably clear that an error has been committed." There was evidence in the record, other than the testimony of either Mullen or Golden, to warrant the verdict if believed by the jury. We think it is not a case where the court would be justified in reversing for want of evidence to support the verdict.

The giving of certain instructions for the People is urged as error, and it is urged that the instructions on the law of self defense ignore the doctrine of apparent danger. The law is well settled in this state that to justify self defense, the danger need not be real, the act need not be absolutely necessary; it is enough if the circumstances were sufficient to excite the fears of a reasonable person, and the defendant acted under the influence of those fears and not in a

spirit of revenge; in short that sections 148 and 149 of our criminal code must be construed together.

The court at the instance of the People gave three instructions on the question of necessary self defense. They each state an abstract proposition of law and inform the jury that a defendant acting in self defense has no right to use any unreasonable or *unnecessary* force. The court also, at the instance of plaintiff in error, gave to the jury an instruction as to what force may be used in repelling an attack, saying, "If it be necessary to preserve the life of the person assaulted, or to prevent great bodily injury to him." This instruction was also an abstract proposition of law. The testimony of plaintiff in error as abstracted by his counsel reads: "I did not use any more force in scuffle than *necessary* to defend myself." Each party on the trial seems to have had in mind the question of necessary self defense, and each asked the court to instruct the jury as to the law applicable to a cause where the defense is in fact necessary, and not merely apparently necessary. Plaintiff in error has no ground to complain that the court instructed the jury as to such a condition of affairs.

"A party cannot complain of an error in instructions when the same error is found in the instructions offered by the complaining party." McInturff v. Insurance Co. of N. A., 248 Ill. 92. But aside from this consideration, assuming that the instructions complained of, standing alone are bad because they ignore the doctrine of apparent danger, similar instructions were before the Supreme Court in Gainey v. People, 97 Ill. 270, and an instruction for the People ignoring the law of apparent danger was held bad "If considered as an independent instruction and not as a part of a series of instructions," but it was held that the jury could not have been misled by the instruction because they "were distinctly told in a number of instructions that it was not necessary that the danger should be real, but that it was sufficient if it was apparent." In

this case the court, at the instance of plaintiff in error, very fully in three different instructions gave the jury the law applicable to a case of apparent danger, reasonable apprehension that the act was necessary, telling them it is not necessary to the right of self defense that the danger should, in fact, exist; it may be only apparent and not real. That the person threatened with such danger has the same right to defend against it and to the same extent that he would have were the danger real. There was no error in giving instructions covering both the law of necessary self defense and the law of apparently necessary self defense. Appleton v. People, 171 Ill. 473. None of these instructions directed a verdict, therefore under often repeated decisions they must be considered as a part of a series. It is objected that these instructions are abstract propositions of law and therefore bad, but the eleventh instruction given for plaintiff in error is not only one of necessary  self defense, but is also an abstract proposition of law. "It is not error to give an abstract proposition of law to a jury as an instruction if it will not mislead them." Anthony Ittner Brick Co. v. Ashby, 198 Ill. 562. The eleventh instruction given for the People is also complained of. It reads, "The court instructs the jury that even if they believe from the evidence that Golden made the first attack upon the defendant and assaulted the defendant with a knife still if you further believe that the said Golden afterwards ceased to attack the defendant, and after the defendant and Golden were separated the defendant again attacked Golden at a time when the said Golden was not making any attack upon the defendant, then you are instructed that the defense of necessary self defense is not established in law." A similar instruction was before the court in Von Reeden v. Evans, 52 Ill. App. 209, and the court speaking through Justice Boggs said it is only by a forced and strained construction that even an implication that the only self defense of which the defend-

ant could avail himself is necessary self defense may be drawn and that the law of apparent danger was so clearly stated in other instructions that it was unreasonable to suppose the jury were misled. There was evidence tending to show that Golden ceased to attack the defendant; that the defendant and Golden were separated and the defendant again attacked Golden at a time when Golden was not making any attack upon him, and a witness who came into the saloon after the struggle began testified that Mullen struck over the shoulder of the saloon keeper who was separating them and hit Golden. Therefore the instruction was not bad as suggesting a condition of affairs upon which there was no evidence. The People had a right to an instruction on that theory of the case. It is also objected that this instruction reads "If you further believe," and does not state, if you further believe from the evidence. The words "from the evidence" were used in the first clause of the instruction and it was not necessary to repeat this restriction. Village of Altamont v. Carter, 196 Ill. 286.

It is objected that instructions given for the People are bad, not only as abstract propositions of law, but that the same instructions assume that the defendant committed the act mentioned in the instructions. An instruction that only purports to declare a principle applicable to the case is not subject to that objection. Von Reeden v. Evans, 52 Ill. App. 209. We find no reversible error in the record. The judgment is therefore affirmed.

*Affirmed.*