# CHARLES B. FARWELL *et al.*

## *v.*

# WILLIAM H. WARREN.

1. EVIDENCE—*proof of value of property, in trespass.* In an action of trespass to recover for injury to personal property, it is competent for the plaintiff to prove the value of the property, as one of the modes to ascertain the injury it had sustained.

2. EVIDENCE *in mitigation of damages—in trespass.* In an action of trespass, where punitive damages may be given, all matters in mitigation are important to the defendant, and it is error to prevent him from showing them to the jury.

3. In this case, a party purchased a lot for the purpose of erecting a building thereon. There was a house on the premises, occupied by a tenant, at the time of the purchase. The purchaser commenced excavating for the building, and in the progress of the work, during the temporary absence of the tenant, he removed the tenant's goods from the house, and demolished it. In an action of trespass *quare clausum fregit* and *de bonis asportatis,* it was held competent for the defendant to prove that it was one of the conditions of his purchase that he was to have immediate possession. This would be admissible as a part of the *res gestæ,* and as showing the *animus* with which the defendant acted, though it could not operate as a defense.

4. And where in a conversation with a witness concerning the purchase of the premises by defendant, and in reference to the delivery of the possession, the plaintiff stated he could leave at any time, and his being in possession would not be in the way of the defendant commencing work for the erection of the building, the witness should be allowed to state whether he communicated that conversation to the defendant before he made the entry, as giving character to his conduct.

5. It would also be competent to prove that the work upon the lot was commenced in pursuance of what the plaintiff said in reference to his possession not preventing it, as tending to show the *animus* of the defendant, and to mitigate the damages.

6. EVIDENCE—*when admissible for any purpose—practice.* Where evidence is admissible for some but not for other purposes, the court should not exclude it from the jury; but if it be apprehended that it might mislead the jury, its application should be directed by proper instructions.

7. TRESPASS—*right of the owner to enter by force.* The owner in fee of land has no right to make a forcible entry on a tenant holding over, or

upon any other person wrongfully in possession; the law has given him an action, and he must resort to it.

8. EXEMPLARY DAMAGES—*malice.* It is not necessary, to warrant a finding of exemplary damages in an action of trespass, that express malice should be proved. All persons are presumed to know the law, and when they take the law into their own hands, and invade the rights of another, it is evidence of what may be regarded as general malice.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of trespass brought in the court below by William H. Warren against Charles B. Farwell and Dennis Curran. A trial resulted in a verdict for the plaintiff for $6,691.66, and judgment accordingly, from which the defendants appealed.

Messrs. HITCHCOCK, DUPEE & EVARTS, and Messrs. ASHTON & TEWKESBURY, for the appellants.

Messrs. BARKER & TULEY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass, and the declaration contained counts *quare clausum fregit* and *de bonis asportatis.* It appears appellant Farwell was desirous of erecting a warehouse, and employed a real estate broker to purchase a lot for the purpose. The broker opened negotiations with one Albert Crane, for the purchase of the lot described in the declaration. It was understood that Farwell would require immediate possession if he purchased. Appellee was in possession of the lot. Crane having recently purchased the lot, with appellee in possession, and being uncertain as to his rights, he sent for him, and after arranging some questions in reference to a water tax, sought to come to such an understanding as would enable him to sell to Farwell and deliver immediate possession.

Crane testifies that appellee agreed to give up possession at any time. He further states that it was agreed that appellee should hold until the end of the month—this conversation being about the 15th or 16th of the month. And Fay testifies substantially to the same; but appellee denies that any such arrangement was made. Farwell became the purchaser of the lot, and on the 28th of September put hands to work on the lot, in excavating for the foundation of the building designed to be erected. Appellee failed to vacate the property, and Farwell proposed to procure another building for him to go into, or to give him a hundred dollars if he would vacate the property, but he declined. The work progressed until the 12th of October, when, while appellee was absent, Farwell's hands commenced removing appellee's furniture, household goods, machinery and tools from the building, and to tear down the house. On his return he found them thus engaged under the direction of Curran, and they continued until the property was removed and the house demolished.

After being placed in the street, a neighbor of his took his household goods in, and Curran had the machinery and tools removed to a stable, which he locked, and the key was sent to appellee. Before they were thus stored it rained, and it is claimed that the machinery, tools, &c., become wet and were thereby injured. Appellee thereupon brought this action, and on a trial recovered a judgment for the sum of $6,691.66, to reverse which this appeal is prosecuted.

It is urged that the court erred in receiving evidence offered by appellee, and in rejecting evidence offered by appellants. We have examined the questions objected to by appellants, and to which they preserved exceptions, and can not see that they were objectionable, as they were pertinent to the issue. Appellee had the right to prove the value of his property which was removed, as one of the modes by which to ascertain the injury it had sustained; and while we do not see that it was important to prove the written demand of possession made by Farwell, still it could, so far as we can see, have

produced no injury to appellants, as it proved he had made a written demand of possession before his hands entered. The other questions to which objections were made by appellants, and not regarded by them as of sufficient importance to preserve an exception, we can not, under the practice of the court, consider, even if they were material.

Appellants asked the broker, who acted for Farwell in making the purchase, whether it was one of the conditions of the purchase that he was to have immediate possession. The court refused to permit this question to be answered. As a part of the *res gestæ* it should have been admitted. Other witnesses spoke of the arrangement to give immediate possession. While proving such a condition would not operate as a defense, it tended to show the *animus* with which Farwell acted. Although this question was of minor importance, still it should have been allowed to be answered.

The witness then detailed a conversation he had with Warren after the purchase was made, in reference to delivery of possession by the latter, in which witness states that Warren said he could leave at any time, and his being in possession would not be in the way of commencing the work. He was then asked, by appellants, if he communicated this conversation to Farwell, but, on objection by appellee, the court refused to permit the witness to answer.

We can see no reason why this evidence should not have been received. It is true it would not constitute a defense, but was clearly proper in mitigating damages. If communicated to Farwell, and he acted upon the statements, it would not have shown the same disregard for the rights of appellee as if he had acted in ignorance of the conversation. It is the well settled practice that where evidence is admissible for some but not other purposes, the court should not exclude it from the consideration of the jury. If it is apprehended that such evidence might mislead the jury, the danger should be obviated by proper instructions. In a case of this character, where the jury may give punitive damages, all matters in

mitigation are important to the defendant, and it is error to prevent him from showing them to the jury.

Appellants asked Curran whether they went to work on the lot in pursuance to what appellee said in reference to his possession not preventing it; but the court refused to permit the witness to answer. If the questions were not leading, the witness should have been allowed to answer. If it was in pursuance to what appellee said, they commenced digging the foundation, it tended to show that appellants entered for that purpose under a permission from appellee. It would then have been for the jury to determine whether such permission had been given, and if so, then the entry for that purpose and on that portion of the lot would not have been a trespass. It also tended to show the *animus* of appellants, and would have tended to mitigate the damages. In rejecting this evidence the court below erred.

There can be no pretense that Farwell had any right to make a forcible entry on a tenant, holding over, on either a disseizor or other person wrongfully in possession. The law has given to him an action of ejectment or a forcible entry and detainer. The law, for wise and salutary purposes, has always prevented a party, with violence or force, from adjusting his imaginary or even real wrongs. *Reeder* v. *Purdy*, 41 Ill. 279; *Page* v. *De Puy*, 40 Ill. 506. These cases apply the same rule to a landlord where his tenant has held over, or to a wrong doer holding the possession.

It is insisted that the court below erred in instructing the jury in reference to their right, if they believed appellants were actuated by malice in entering into the lot, and in removing the tools of appellee, and in tearing down the house, to give punitive damages. It is contended that, all of the evidence considered, there was no ground for so instructing the jury; that the instructions were abstract propositions, and not applicable to the evidence. Malice being a question of fact and for the consideration of the jury, in a case of this kind, it would be improper to refuse to so instruct. It is not necessary,

to warrant a finding of exemplary damages, that express malice should be proved. If it appears that a party has acted with a wanton, willful or reckless disregard of the rights of the plaintiff, malice would be inferred. All persons are presumed to know the law, and when they take the law into their own hands, and invade the rights of another, it is evidence of what may be regarded as general malice. It is not necessary that a pique or grudge against the injured party should be shown. A landlord, or the owner of the fee, although entitled to possession of his property, and although he has suffered wrong, must resort to his legal remedy, precisely as does a creditor or other person having a legal right to a recovery. The quiet, good order and well-being of society require this, and all must conform to it.

It was for the jury, and not the court, to say whether, from all the circumstances of the case, malice on the part of the appellants was shown, and that the case required more than compensatory damages to be assessed. From the facts appearing in evidence, the court not only did right in giving the instruction as to punitive damages, but would have erred in refusing it. In the view we have taken of the case, it becomes unnecessary to consider the question on the motion for a new trial presented by the affidavits that were filed for that purpose in the court below.

The judgment of the court below must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*