The Illinois and St. Louis Railroad and Coal Company

*v.*

Francis H. Cobb.

68    53
131   145
68    53
154   78
68    53
160   306
68    53
79a   267
68    53
68    53
e207  2  92

1. Damages—*exemplary, when allowed.* In actions for torts to person or property, the jury may, when the evidence shows the trespass to have been malicious, wilful or reckless, give punitive damages.

2. Trespass—*possession sufficient title as against a wrong-doer.* A person in the actual possession of land will be presumed to be the owner in the absence of proof of title, and may maintain trespass against any one who wrongfully invades his possession.

3. Although possession of land may have been wrongfully acquired, this will not justify even the owner in forcibly entering and taking possession.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

This was an action of trespass for breaking and entering plaintiff's close, breaking down fences, etc. A trial was had, which resulted in a verdict and judgment in favor of the plaintiff for $600.

Messrs. G. & G. A. Kœrner, for the appellant.

Messrs. C. W. & E. L. Thomas, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of trespass, commenced in the circuit court of St. Clair county, by Francis H. Cobb against The Illinois and St. Louis Railroad and Coal Co. The general issue was pleaded. Trial had at the October term, 1872. Verdict for plaintiff for $600. A motion was made for a new trial and overruled. The defendant appeals to this court, and assigns for error,

*First*—That the court gave improper instructions.

*Second*—That the court erred in not granting a new trial.

The first error assigned is in regard to the instructions given for the plaintiff, but the only instruction that the attorneys for appellant make any objection to in their argument, is the second, which reads as follows:

"If the jury believe, from the evidence, that the plaintiff was in possession of the land described in the declaration, and had the same fenced, and that the defendant wilfully and forcibly broke the fence and entered upon the said land, the jury may allow, as damages, any sum not exceeding the amount sued for, even though the sum allowed may exceed the amount of damages actually proven, provided the entry was not for the purpose of building a railroad or its fixtures, if it had proper authority to build and operate such railroad."

There can be no doubt but this instruction was the law. In actions for torts to person or property, it is a well settled rule of law, that the jury may, when the evidence shows the

trespass malicious, wilful or reckless, give punitive damages, not alone as pay for the property destroyed, but as a punishment to the party who committed the trespass.

The same principle embodied in this instruction was decided by this court in the following cases: *Ously* v. *Hardin*, 23 Ill. 404; *Best et al.* v. *Allen*, 30 Ill. 34; *Farwell* v. *Warren*, 51 Ill. 468.

The second and only other error assigned is, the court erred in not granting a new trial. This leads us to the inquiry whether the verdict is sustained by the evidence. The evidence introduced by the plaintiff shows that he had been in the possession of the land where the trespass was committed, for five or six years, but did not have it inclosed until June, 1871, when he inclosed it with a fence.

The defendant, as shown by the evidence, has, as occasion required, used this land as a dock yard, for repairing barges, etc., for some five or six years. While there might be a question as to whether the plaintiff or defendant, or either of them, had possession of this land prior to June, 1871, after that time there can be no doubt. The evidence clearly shows in June, 1871, the plaintiff fenced the land, and from that time until the trespass was committed was in the actual possession.

About the 18th of January, 1872, and when the plaintiff was at work on the premises, some twenty or thirty men, in the employ of the defendant, came to the premises with axes and shovels. The plaintiff testifies he "tried to keep them back, but Mr. Forley told them to go on, the railroad would see them through." They broke down the fence and took forcible possession of the land.

Under this state of facts, the question arises, was the plaintiff bound to go any further and show proper title to the land? We think not. His possession was evidence of the fee. The law presumes him rightfully in possession until the contrary appears. The defendant did not seek to show any proper title to the premises. The plaintiff, holding

actual possession of the land, had the right to sue any person who invaded that possession. *Davis* v. *Easley,* 13 Ill. 198; *Gœwey* v. *Urig,* 18 Ill. 242.

It is, however, insisted, that the possession of the premises belonged to the defendant, and that when plaintiff fenced the land he was a trespasser. If this was true, it would not justify the defendant in taking possession of the premises by force. If the possession of these premises belonged to the defendant, the action of ejectment or forcible entry and detainer was the remedy, not twenty or thirty men armed with axes and shovels. *Reeder* v. *Purdy,* 41 Ill. 279; *Page* v. *DePuy,* 40 Ill. 506.

It is insisted that the damages are excessive, as to the extent of actual damage done. The evidence was somewhat conflicting, but it was the peculiar province of the jury to determine the amount. It was also a question for the jury to determine whether, from the evidence, exemplary damages should be given. The jury have passed on all these questions, and we do not think they fixed the amount so high that it could be regarded as excessive.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*