THE CITY OF ROODHOUSE

*v.*

GEORGE W. CHRISTIAN.

*Filed at Springfield October 14, 1895.*

1. TORT FEASORS—*unsatisfied judgment against one does not bar further recovery against another.* Recovery against a city for injuries resulting from its negligence in suffering a sidewalk to be put out of repair, whereby plaintiff was thrown against an electric wire and burned, is not barred by an unsatisfied judgment against the electric company for the same injury, on the ground of its negligence in permitting the charged wire to remain across the walk.

2. SAME—*city and electric company not joint tort feasors in such case.* The doctrine of the liability of joint tort feasors has no application to the case of an injury arising from the joint operation of the negligence of a city in not repairing its sidewalk and of an electric company in allowing a charged wire to be down.

3. APPEALS AND ERRORS—*when erroneous instruction is harmless.* Error in one or more instructions in a series will be treated as harmless unless it can be seen that some injury thereby resulted to the party complaining.

4. SAME—*all instructions must be presented in the abstract.* Error in giving instructions will be considered, on appeal, only where all the instructions given are presented by the abstract.

*City of Roodhouse* v. *Christian*, 55 Ill. App. 107, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Greene county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

J. M. RIGGS, and MARK MEYERSTEIN, for appellant:

A plaintiff may maintain several actions against a number of persons who commit a trespass or other tort jointly, and recover several judgments, though he can have but one satisfaction. *Severin* v. *Eddy*, 52 Ill. 191; *Railway Co.* v. *Shacklet*, 105 id. 381.

An action at law for damages cannot be maintained against several defendants jointly, when each acted independently of the others, and there was no concert or unity of design between them. In such a case the tort of each defendant is several when committed, and it does not become joint because afterwards its consequences unite with the consequences of several other torts committed by other persons. (*Miller* v. *Highland Ditch Co.* 87 Cal. 430.) If it were otherwise, one defendant, however little he might have contributed to the injury, would be liable for all the damage caused by the wrongful acts of all the other defendants, and he would have no remedy against them, because no contribution can be enforced between tort feasors. *Miller* v. *Highland Ditch Co. supra; Chipman* v. *Palmer*, 77 N. Y. 51; *Navigation Co.* v. *Richards*, 57 Pa. St. 142; *Sellick* v. *Hall*, 47 Conn. 260.

D. F. KING, and D. J. SULLIVAN, for appellee:

When a person has received an injury at the hands of two or more wrongdoers, all are severally liable to him for the full amount of damages occasioned by such injury; and the plaintiff has his election to sue all jointly or to sue each or any one of the wrongdoers. *Railway Co.* v. *Shacklet*, 105 Ill. 365; *Fisher* v. *Cook*, 125 id. 280; *Ice Machine Co.* v. *Keifer*, 134 id. 481; *Severin* v. *Eddy*, 52 id. 189; Cooley on Torts, 137.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee brought this action to recover damages for a personal injury alleged to have been sustained through the negligence of the defendant.   He recovered a judgment in the circuit court of Greene county for $2500, and that judgment has been affirmed by the Appellate Court.

The declaration is of five counts.   In the first, fourth and fifth the negligent act charged against the defendant is, permitting a telephone wire, charged with electricity, to be and remain across and near one of its sidewalks, whereby the plaintiff was injured by falling against the same and being burned.   In the second and third counts it is charged with negligently suffering a sidewalk to be and remain out of repair and in an unsafe condition, whereby the plaintiff was thrown against a telephone wire charged with electricity, and burned, etc.

The defendant filed four pleas, the first being the general issue, and the second setting up that plaintiff had theretofore recovered a judgment for $1250 against the Roodhouse Electric and Power Company for the same injuries and damages, which had never been reversed or annulled, pleading the same in bar to this action.   The third and fourth pleas are substantially like the second. To these three special pleas a demurrer was sustained by the circuit court, and proper exceptions taken.

The only errors of law assigned upon the record are, first, sustaining the demurrer to the special pleas; and second, in giving instructions on behalf of the plaintiff. In support of the first of these assignments of error counsel contend that the evidence wholly fails to prove that the injury to plaintiff was caused by the *joint* negligence of appellant and the electric and power company, and therefore, the plaintiff having sued the latter and recovered a judgment against it for the same injuries here complained of, that action is a bar to this.   If the premise of this proposition is admitted, the conclusion does not, in

our opinion, follow. But the several counts in this declaration clearly charge that the injury was the result of the individual negligence of the city, and the evidence clearly tends to prove the truth of the charge. The Appellate Court having affirmed the judgment of the circuit court, the fact of negligence is conclusively settled against appellant. Counsel admit that the Appellate Court has found that there was a defect in the sidewalk at the point in question, and that thereby appellee was caused to trip and fall, but they say the fall was not the real cause of the injury; "he did not thereby receive any fracture, sprain, bruise or similar injury; the whole injury was caused by electric burning." But if the defect had not been in the sidewalk, as charged in the second and third counts, thereby causing plaintiff to trip and fall against the wire, he would not have been burned; and so the negligence of the city, under these counts, in permitting its sidewalk to be and remain in an unsafe condition, was the primary cause of the injury.

These pleas do not aver satisfaction of the judgment obtained against the electric and power company, and under this declaration we are unable to see wherein the doctrine of the liability of joint tort feasors has any application whatever. This declaration does not charge that plaintiff was injured through the joint negligence of the defendant and the electric and power company, nor do the pleas so aver, and hence his recovery in this case in no way depends upon the liability of the latter company. The pleas presented no defense to this action.

Numerous instructions were given at the instance of either party. Of the twenty-four given on behalf of the plaintiff, the first, third, eighth, twelfth, sixteenth, seventeenth, eighteenth and twentieth are criticised. Notwithstanding the fact that appellant has failed to present in its abstract either of the instructions given at its request, we have examined the series given on behalf of the plaintiff, and while some of those objected to, if they

stood alone, might contain reversible error, we are clearly of the opinion that, considered together, in view of the evidence in this case, they could not have misled the jury to the prejudice of the defendant. In determining whether or not an instruction is erroneous, it must be considered in connection with all the other instructions given in the case; and even though one or more instructions in a series may be erroneous, still, unless it can be seen that some injury thereby resulted to the party complaining, the error will be treated as a harmless one. It is therefore manifest that a case can only be properly considered, where the ruling of the trial court in giving instructions is assigned for error, when all the instructions given are presented by the abstract. All the instructions asked upon the trial should be set forth in the abstract. Parties have no right to set forth a single instruction, or the instructions given on one side of the case, and object to the same, leaving the court to go to the record for the purpose of determining whether others supply omissions or cure defects complained of. To illustrate: Complaint is made of several instructions given in this case at the request of the plaintiff, that their language is calculated to lead the jury to understand that the defendant was absolutely bound to keep and maintain its sidewalk in a safe condition, whereas the law only required it to exercise reasonable care in the discharge of that duty. Some of them are justly subject to that criticism; but many of those to which no objection whatever is urged lay down the correct rule with so much precision and directness that it is readily seen that no intelligent jury could have been misled by the objectionable ones.

After a careful consideration of the questions raised upon this record, we are satisfied that the Appellate Court decided properly in affirming the judgment of the circuit court, and its judgment will accordingly be affirmed.

*Judgment affirmed.*