## Anthony Wright v. Jobe Mahoney.

1. FORCIBLE DETAINER—*Right of Owner to Enter and Distrain Animals of the Defendant Pending Suit.*—It is unlawful under the statutes of forcible entry and detainer for the owner, pending a suit, to enter upon the premises in the actual possession of his tenant, for the purpose of seizing and removing animals of the tenant. Such an entry is a trespass even though the tenant is wrongfully holding over.

2. STATUTES—*Construction of.*—Pending forcible detainer proceed-

ings Sec. 21, Chap. 54, R. S., entitled "Fences," does not authorize the owner to distrain animals belonging to the occupier.

3. APPELLATE COURT PRACTICE—*Objections Not Made in the Court Below.*—Where improper evidence upon the question of damages in a replevin suit was not objected to, nor was the court asked to withdraw ' it, or to instruct the jury as to the true measure of damages, or to grant a new trial, the matter can not be considered in the Appellate Court.

**Replevin.**—Appeal from the County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

Mahoney was in possession of a farm as tenant of Wright. The latter contended the time of the tenancy had expired, and on the 5th day of March, 1894, brought forcible detainer to recover possession.

The cause was set for hearing on the 10th day of March.

On the 7th day of March a cow belonging to Mahoney, which was being pastured in one of the fields of the farm, was seized by Wright and removed from the farm and held by him under authority alleged to be given in such cases by Sec. 21, Chap. 54, R. S., entitled "Fences," providing for the restraint of animal *damage feasant.*

Mahoney brought replevin, prevailed, and was awarded $15 damages, and Wright appealed.

The cow was taken March 7th, and returned by the officer March 10th.

W. H. WHITAKER, attorney for appellant.

MEEKER & MEEKER, attorneys for appellee, contended that the statute of forcible entry and detainer, not in terms, but by necessary construction, forbids a forcible entry even by the owner upon the actual possession of another. Such entry therefore is unlawful, and if unlawful it is a trespass. Reeder et al. v. Purdy et al., 41 Ill. 284. The owner in fee of land has no right to make a forcible entry on a tenant holding over, or upon a person wrongfully in the possession. Farwell v. Warren, 51 Ill. 467; Wilder v. House, 48 Ill. 279;

Dearlove v. Henderson, 70 Ill. 251; Westcott v. Arbuckle, 12 Ill. App. 577.

Mr. Justice Boggs delivered the opinion of the Court.

The principal question here presented is whether Wright was authorized to seize the cow *" damage feasant."*

We think he was not.

He was the owner, but Mahoney was in possession of the farm, by peaceable entry as his tenant, and an action was pending to determine whether the right of occupancy had expired.

Under such circumstances Sec. 21, Chap. 54, R. S., does not invest an "owner" with authority to distrain animals belonging to the "occupier."

It was unlawful under the statute of forcible entry and detainer for the owner in the case at bar to enter upon premises in the actual possession of the "occupier," his tenant, for the purpose of seizing and removing from the premises animals of the latter. Being unlawful, such entry was a trespass, even though the tenant was holding over wrongfully. Reeder v. Purdy, 41 Ill. 284; Farwell v. Warren, 51 Ill. 467.

Section 21 aforesaid can not be construed to authorize the commission of a trespass.

The cow was, therefore, wrongfully in the possession of Wright and was properly restored to its owner by the judgment in replevin.

Whether the tenant was rightfully in possession of the farm, under the terms of lease, was unimportant.

He had actual possession, and the statute of forcible entry and detainer forbade forcible interference therewith.

Hence the court properly rejected evidence relating to the terms and conditions of the contract under which the tenant obtained possession of the farm.

The evidence upon which the award of damages was made in the main was incompetent.

But it was not objected to, nor was the court asked to withdraw it, or to instruct the jury as to the true measure of damages, or to grant a new trial for that reason.

We are without power to consider objections that might have been, but were not, made, and which might have been obviated in the lower court had they been·made.

The judgment is affirmed.