### People's Building & Loan Association v. Frank B. McElroy et al.

1. TRESPASS—*Liability of Plaintiff in Execution for the Trespass of the Officers Executing It.*—The plaintiff in a writ is not liable for a trespass, or other unlawful act of the officer in executing it, unless he in some way directs, advises or encourages the acts of the officer.

2. PUNITIVE DAMAGES—*Liability of Plaintiff in Execution for the Acts of the Officer.*—Where a plaintiff in execution, with full knowledge, ratifies the unlawful act of the officer executing such execution, a verdict for reasonable exemplary damages will not be interfered with.

3. FORCIBLE ENTRY AND DETAINER—*Dispossessing a Sub-tenant.*— A landlord who has recovered a judgment in an action of forcible entry and detainer against his tenant, may, under the writ, dispossess a sub-tenant not a party to the suit, if the latter has entered pending the suit, but not if he was previously in possession.

Trespass, for breaking and entering appellee's dwelling. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed December 23, 1898.

JAMES A. FULLENWIDER, attorney for appellant.

LINDEN & DEMPSEY, attorneys for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This was trespass against appellant and others for breaking and entering appellee's dwelling. The verdict was: "We, the jury, find the defendant People's Building and Loan Association, guilty, and assess the plaintiff's damages at the sum of $500, as punitive or exemplary damages; and that John Held is assessed the sum of $37 for actual damages to property. We further find the defendant M. B. McCoy not guilty."

On motion for a new trial the appellee dismissed the suit as to McCoy and Held, and remitted $150 from the amount of the finding against appellant, and judgment was then entered for the balance.

There is no question but that the proceeding by Held, the constable, was wrong, and without color of law. And if the evidence sustains the charge that appellant in any way advised, directed or encouraged the acts of the constable, or for its own benefit, with full knowledge, ratified his conduct, a verdict for reasonable punitive or exemplary damages should not be interfered with. The I. & St. L. R. R. Co. v. Cobb, 68 Ill. 53.

As was said in Singer Mfg. Co. v. Holdfodt, 86 Ill. 455, 461, "Any unauthorized entry into a dwelling house * * * by a stranger, is deserving of prompt and adequate punishment." Such was the act of Held, the constable, in this case. The writ of restitution did not run against appellee. He was in possession, and there was a legal way of dispossessing him if he was not entitled. A landlord who has recovered a judgment in an action of forcible entry and detainer against his tenant, may, under the writ, dispossess a sub-tenant not a party to the suit, if the latter has entered pending the suit, but not when he was previously in possession. Leindecker v. Waldron, 52 Ill. 283, 285.

There is evidence tending to show that appellee was in possession of the premises before, and had not entered *pendente lite.*

But the evidence fails to show that appellant was in any

way responsible for the constable's trespass. It was said in Snydacker v. Brosse, 51 Ill. 357, 362, cited by the counsel on both sides in this case : "It was necessary to prove that Snydacker advised, directed or encouraged the abuse of the process complained of by appellee, or knowing of its abuse and for his own benefit ratified it; and this should have been proved by legitimate evidence." The only evidence connecting the appellant and its agent with the act of the constable in breaking in and removing appellee's goods, was that, in the language of appellee's brief, "they gave the writ to the constable to execute." But the writ did not run against appellee, who was in possession of only part of the premises therein described. It would be a violent presumption to hold that this delivery of the writ was evidence even tending to prove participation in the misconduct charged against the constable, or in any abuse of the process by that officer. The presumption would be that appellant only directed him to execute the writ against the party or parties mentioned therein, and whom, by its terms, he was commanded "to dispossess." It was said in Becker v. Dupree, 75 Ill. 167, 169 : "But, to become liable, he must participate intentionally or wantonly in the act, or knowingly ratify and approve it after its commission. The mere delivery of the writ to the officer, with directions to execute it, can not be held, by any known rule of law, to render him liable for the unauthorized and unapproved acts of the bailiff and his assistants."

There is no evidence that appellant participated in, or knowingly ratified and approved, any trespass by the officer; and we do not deem it necessary, therefore, to consider the other points discussed by counsel.

For the reasons indicated the judgment of the Superior Court must be reversed, and the cause remanded.