## Cameron L. Willey v. Daniel Dake.

### Gen. No. 11,709.

1. INSTRUCTIONS—*when action of court in giving, cannot be reviewed.* Errors assigned upon the giving of instructions will not be considered unless all the instructions given are set out in full in the abstract.

2. VERDICT—*when, not disturbed.* Where the verdict is not manifestly against the weight of the evidence and where it does not appear that the jury were moved by passion or prejudice, it will not be disturbed upon review as against the weight of the evidence.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed January 23, 1905.

LOUIS C. EHLE, for appellant.

PIERSON & PEASE, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellee sued appellant in assumpsit to recover damages growing out of the refusal of Willey to receive certain lumber he had purchased from Dake. The jury found the issues in favor of appellee and assessed his damages at the sum of $611. A remittitur of $261.35 was made, and judgment was entered upon the verdict as thus reduced. Willey brings the case to this court by appeal.

Appellant presents two points as grounds for reversal: first, the jury were erroneously instructed to his prejudice; second, appellee failed to make out his case, and the preponderance of the evidence is against him.

The first proposition we cannot consider. From the abstract and record it does not appear that the instruction there set out and objected to was the only instruction given to the jury. Errors assigned upon the giving of instructions will not be considered unless all the instructions given are set out in full in the abstract. Toluca v. Haws, 194 Ill. 94. Unless it appears that the instructions objected to are

all the instructions given to the jury, we must presume that there were other instructions given which supplemented and cured the errors, if any, complained of. Wilmette v. Brachle, 110 Ill. App. 364.

It is admitted that the lumber in question was ordered. Appellant introduced evidence tending to prove that a part of this lumber, which was delivered to him in June, 1893, was of inferior quality and perfectly green, and for these reasons he refused to receive it, but piled it up in his yard and notified appellee that it was held subject to his order; that in July of the same year the parties hereto came to a settlement in which it was agreed that appellant should take and pay for the delivered lumber (which he then did), and that the contract should be and was cancelled as to the remainder of the lumber; and that in any event the price of lumber in the Chicago market during the season of 1893, in which the remainder of the lumber should have been delivered, was such that appellee sustained no loss.

The evidence of appellee tended to prove that said contract was never cancelled, but remained in full force; that appellant refused to receive and to pay for the remainder of the lumber; and that by reason of such refusal, and the ruling price of lumber in the Chicago market during the season of 1893, he suffered a loss to the full amount of the verdict.

The evidence upon the vital points in this case is seriously conflicting. We have examined the record and do not find that the verdict is manifestly against the weight of the testimony, or that the jury were moved by passion or prejudice in reaching their verdict. Under these circumstances we have no right to set aside their finding. Lowry v. Orr, 1 Gilm. 70, 83; Ill. Cent. Ry. Co. v. Haecker, 110 Ill. App. 102, 105; Netcher v. Bernstein, 110 Ill. App. 484, 489.

The judgment of the Circuit Court is therefore affirmed.
*Affirmed.*