## Edward A. Hemsteger, Defendant in Error, v. Olof Nelson, Plaintiff in Error.

### Gen. No. 18,221.

1. DAMAGES—*exemplary.* Where defendant enters into a contract to purchase a building and directs a man to lay a cement floor in the basement, who breaks the lock of a room where a tenant's property is stored and exposes the property for eight days to inclement weather, an award of exemplary damages to the tenant is sustained.

2. DAMAGES—*exemplary.* To authorize the giving of exemplary or vindictive damages, either malice, violence, oppression or wanton recklessness must mingle in the controversy.

3. DAMAGES—*when malice will be inferred.* In an action for exemplary damages, where it appears that the defendant has acted with a wanton, wilful or reckless disregard of the rights of the plaintiff, malice will be inferred.

4. DAMAGES—*question of fact.* Where plaintiff claims exemplary damages, it is for the jury to determine from all the facts and circumstances whether malice is shown and whether the case requires more than compensatory damages.

Error to the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed June 12, 1913.

P. H. BISHOP, for plaintiff in error.

JOEL F. LONGENECKER, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

Edward A. Hemsteger, plaintiff below, recovered a judgment in a tort action in the Municipal Court of Chicago for $300, against Olof Nelson, defendant below. The judgment was rendered upon the verdict of a jury, assessing plaintiff's damages in that sum.

Plaintiff was the lessee and occupant of an apartment in the building at No. 6023 Champlain avenue, Chicago. In the basement of the building there were three storerooms. Plaintiff had stored various articles of personal property of considerable value in one of these rooms, of which he had the exclusive use. The door was locked with a padlock and hasp. The defendant had entered into a contract to purchase the building, but at the time of the following occurrences he had not yet become the owner. He directed a man named Carlson to lay a cement floor in said basement. On the morning of March 28, 1911, several men started on the work. Without notice to the plaintiff they proceeded to break up the old basement floor and to break the lock on the door of the storeroom used by plaintiff, and carried plaintiff's property out of

the room and placed it under the back porch of the building. The defendant was present during the morning and while the men were removing plaintiff's property, and saw that the lock on the door of the room had been broken. Plaintiff was not in the building at the time. On the previous evening defendant informed another tenant in the building, who had goods stored in another room in the basement, of his intention to lay the cement floor, and told her he would take care of her property. Although he saw plaintiff on that evening he did not so inform plaintiff. The goods of plaintiff remained on the ground under the back porch for eight days and were exposed to inclement weather. There was evidence tending to show that they had been damaged to the extent of over $150. There was also other evidence tending to show that defendant had acted wilfully and with reckless disregard of the rights of plaintiff. It is evident from the amount of the verdict that the jury thought that the plaintiff was entitled to exemplary damages, and we think that the verdict was fully justified by the evidence. "The rule is, 'that to authorize the giving of exemplary or vindictive damages, either malice, violence, oppression or wanton recklessness must mingle in the controversy.' * * * Malice being a question of fact and for the consideration of the jury, it is not necessary that express malice should be proved. If it appears that the party has acted with a wanton, wilful or reckless disregard of the rights of the plaintiff, malice will be inferred." *Chicago Consol. Traction Co. v. Mahoney,* 230 Ill. 562, 567. It was for the jury to say whether, from all the facts and circumstances of this case, malice on the part of the plaintiff was shown, and that the case required more than compensatory damages to be assessed. *Farwell v. Warren,* 51 Ill. 467 472. The judgment will accordingly be affirmed.

*Affirmed.*