**Martin Taneski, Appellee, v. St. Louis Merchants' Bridge Terminal Railway Company, Appellant.**

1. MASTER AND SERVANT—*master's liability for assault. by servant on third person as jury question.* Defendant's liability for injuries inflicted on plaintiff by a yard watchman who assaulted plaintiff and arrested him as a trespasser on defendant's right of way was properly submitted to the jury where the evidence introduced by plaintiff shows that the assault was unprovoked and that plaintiff was not a trespasser or wrongdoer on defendant's premises and the watchman's undisputed testimony shows that in making the assault he was trying to do his duty and was acting in the line of his employment as watchman for defendant.

2. MASTER AND SERVANT—*when instruction assuming servant's act within scope of employment not erroneous.* An instruction is not erroneous for assuming that defendant's servant was acting within the scope of his employment when he assaulted and arrested plaintiff where the evidence is undisputed that he was defendant's servant and was acting within the scope of his employment as yard watchman at the time of the assault.

3. DAMAGES—*sufficiency of instruction to limit jury to actual damages shown by evidence.* An instruction that the jury may assess plaintiff's damages at such sum as they believe from the evidence he is reasonably entitled to is not objectionable as allow-

ing too much latitude where they are also instructed that they are to ascertain the damages, if they find for plaintiff, "basing your finding upon the extent of plaintiff's injuries, if any such are shown by the evidence."

4. DAMAGES—*instruction allowing exemplary damages against master for "reckless" assault by servant not erroneous.* In an action against the master for damages for injuries sustained by plaintiff in an assault made upon him by a servant acting within the scope of his employment, it is not error to instruct the jury that in case they believe from the evidence "that the assault was wanton, reckless or vicious, and uncalled for in character," exemplary damages may be allowed.

5. DAMAGES—*exemplary damages recoverable although not specifically pleaded by name.* Exemplary damages are recoverable, although not specifically claimed as such by name in the declaration, where the pleading and proof warrant their assessment and show that defendant's servant made a wanton, vicious and unprovoked assault upon plaintiff while acting within the scope of his employment.

6. DAMAGES—*excessiveness of award against master for wanton assault by servant.* An award of $1,250 against a master for serious injuries sustained by plaintiff in a wanton, vicious and unprovoked assault by a servant is not excessive.

Appeal by defendant from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923. Rehearing denied October 23, 1923.

WARNOCK, WILLIAMSON & BURROUGHS, KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for appellant.

M. R. SULLIVAN, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

In an action of trespass, appellee charged that appellant, by its servant and agent, Pete Sehoyan, with force and arms assaulted and beat him and deprived him of his liberty without any reasonable or probable cause, contrary to the law and against his will. Appellant filed the general issue and several special pleas

upon which issues were joined. The trial resulted in a verdict and judgment in favor of appellee for $1,250.

The evidence on the part of appellee is to the effect that at the time in question he was a married man, fifty-seven years of age, lived with his wife at Madison, Illinois, and worked in the rolling mill. That on August 4, 1921, he was not working and started for Granite City to make a purchase for his wife; that he walked west on 12th street until he came to a wagon road which runs north and south and is just east of and parallel to appellant's railroad; that he turned north on that wagon road and when about fifty feet north of 12th street Pete Sehoyan came up behind him and struck him on the head with a club or billy and knocked him down, cursed him and struck him several times and beat him after he was down; that he afterwards took appellee to the police station at Granite City. A doctor treated appellee that day for an abrasion on his head and appellee testified that his hearing in one ear has been affected since the assault. He also said that he had not been in any car or upon appellant's right of way prior to the assault. He was fully corroborated as to that matter and the circumstances of the assault by a man who says he was an eyewitness to the occurrence and stood about fifty feet away.

Mr. Sehoyan was the only witness called by appellant. He testified that he was employed by appellant as a yard watchman and was commissioned by the City of Granite City as a special police officer without pay in order that he might make arrests, and that he carried a billy at the time in question. He said that at the time of this occurrence he was trying to do his duty and that what he did to appellee was done in the line of his employment with appellant. He said that he was coming down from Granite City on the west side of one of appellant's trains that was standing

on the number one main track when he saw a woman and some children on a coal car throwing off coal; that he crossed over under the train to see who it was and to try and get some of them because they had been robbing the drags every time a train stopped there. He said that when he got on the east side of the train he saw appellee's head sticking out of an empty grain car and appellee was holding a grain door that was standing on edge; that when appellee saw him he dropped the door and jumped down out of the car and about that time the witness grabbed him; that appellee tried to jerk loose and the witness showed him his star, told him he was under arrest and slapped him with his open hand; that he had a billy but did not use it and that he took appellee to the police station at Granite City and turned him over to the police sergeant. He said he did not knock appellee down or otherwise beat him.

The undisputed evidence is that Mr. Sehoyan said he was trying to do his duty and that what he did to appellee was done in the line of his employment as yard watchman for appellant. We are of the opinion, therefore, that there was ample evidence to make it a question of fact for the jury and that the court did not err in refusing to direct a verdict for appellant.

It is argued that the only instruction given for appellee is erroneous because it did not require the jury to find that the assault was made by Sehoyan while acting within the scope of his employment. The objection would be serious were it not for the fact that the undisputed evidence is that he was appellant's servant and was acting within the scope of his employment when he made the assault. It was not reversible error for the court to assume that the proven and uncontroverted fact was true. It is argued that the instruction is erroneous because it authorized the jury to "assess his damages at such sum as they believed from the evidence he is reasonably entitled to." If

that were all the court told the jury with reference to the allowance of compensatory damages it might be objectionable as giving the jury too much latitude. We find, however, that the court further informed them on that subject as follows: "The amount of damages, in case you find for the plaintiff, you are to ascertain, basing your finding upon the extent of the plaintiff's injuries, if any such are shown by the evidence." In view of that part of the instruction we think the jury were given to understand that they were to allow only such actual damages as were shown by the evidence. The instruction further informed the jury as follows: "And in case the jury believe, from the evidence, that the assault was wanton, reckless or vicious, and uncalled for in character, then the jury may add to such actual damages, if any such you find, such a sum as they may believe from the evidence would be reasonable and just, as smart money or punishment." "Reckless" is but another name for "wanton." If it appears that a party has acted with a wanton, wilful or reckless disregard of the rights of a plaintiff, malice will be inferred and the jury may allow exemplary damages. *Illinois & St. L. Railroad & Coal Co. v. Cobb*, 68 Ill. 53; *Farwell v. Warren*, 51 Ill. 467. We are of the opinion that the instruction is an accurate statement of the law as to exemplary damages.

As a general rule of pleading, it is not necessary to claim exemplary damages by name, it being sufficient if the facts alleged and the proof be such as to warrant their assessment. 8 R. C. L. 626. In the case at bar, the averments of the declaration and the proof on the part of appellee make a case for such damages. If the testimony on behalf of appellee is true, he was subjected to a most wanton, vicious and unprovoked assault. The jury had a right to believe appellee and his witnesses as against the uncorroborated testimony of Mr. Sehoyan. We would not be warranted in say-

ing that the verdict is the result of passion and prejudice or that it is excessive.

The judgment is affirmed.

*Affirmed.*