Paul Bessermann and Dora Bessermann, Appellants, v.
John Votupal, Appellee.

Opinion filed November 8, 1937.

HENRY B. EATON, of Edwardsville, for appellants.

T. A. O'CONNOR, of East St. Louis, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

June 11, 1935, defendant appellee recovered a judgment in justice court against plaintiffs appellants. July 22nd an execution was delivered to the constable and on the same date, he served the same upon plaintiffs appellants and gave them notice to schedule within ten days. A schedule was filed by plaintiffs appellants. September 3, the constable, a person described in the records as a collector, and three persons, referred to as appraisers, went to plaintiffs appellants' house, listed certain personal property and then proceeded to

the farm of plaintiffs appellants, listed certain other property and seized a truck and three mules.

Plaintiffs appellants instituted this suit to recover damages for the taking of the truck and mules and alleged that the constable, and other persons unknown to plaintiffs, while all acting under the direction and order of the defendant entered plaintiffs' premises with force and arms took possession of the truck and mules in violation of the exemption laws of this State.

At the conclusion of plaintiffs' evidence the court directed a verdict for defendant appellee and this appeal followed.

The evidence does not disclose what property plaintiffs appellants listed in their schedule but the view we take of this case that omission is immaterial. There is no evidence even tending to prove that defendant appellee gave the officer an indemnifying bond, that he gave the officer any instructions, orders or directions or that he received the truck and mules or the proceeds from the sale of the same or that he in any way ratified the acts of the constable.

To establish a cause of action against defendant appellee it was incumbent upon plaintiffs appellants to prove that defendant advised, directed or encouraged the abuse of the process complained of or knowing of its abuse and for his own benefit ratified it. *Snydacker v. Brosse,* 51 Ill. 357.

The fact that defendant appellee was plaintiff in the execution and presumed to have caused its issuance and the delivery of it to the constable yet that does not establish a liability against him for any wrongful acts of the constable arising out of the execution of the process. *People's Building & Loan Ass'n v. McElroy,* 79 Ill. App. 266; *Anderson v. Schmidt,* 96 Ill. App. 125.

There was no error in directing the verdict for the defendant appellee.

*Judgment affirmed.*