Robert Griggas, a Minor by Steffanie Griggas, His Mother and Next Friend, Appellee, v. La Verne Clauson, Appellant.

**Gen. No. 10,845.**

Second District.

August 9, 1955.

Released for publication August 29, 1955.

Victor & Ghent, and Alf O. Ahlstrand, all of Rockford, for appellant.

Stanley H. Guyer, and Pedderson, Menzimer, Carle & Conde, all of Rockford, for appellee; Dale F. Conde, of Rockford, of counsel.

MR. JUSTICE EOVALDI delivered the opinion of the court.

This is an appeal by defendant from a judgment for $2,000 entered on the verdict of a jury for injuries sustained by plaintiff for an alleged assault and battery during a basketball game.

In his complaint, plaintiff charged that while he and defendant were participating in said game on opposing teams and while plaintiff had his back to defendant, defendant maliciously, wantonly and wilfully and without provocation assaulted plaintiff and with his fist repeatedly struck plaintiff violently in the head and knocked plaintiff unconscious to the floor; that by reason and in consequence of said assault and battery by defendant and as a direct and proximate result thereof plaintiff suffered divers lacerations, abrasions, contusions, concussions, and other injuries, both temporary and permanent, including an injury to his face and head and by reason of said injury became sick, sore, lame and disordered and has suffered and will continue to suffer in the future pain by reason of said injuries and has been unable because of his said injuries to go about his affairs and duties and has thereby lost a four-year scholarship of great value and has incurred and become liable for divers sums of money endeavoring to be cured of said injuries and has been compelled to spend divers sums of money in endeavoring to be cured of said injuries.

In his appeal, defendant relies on three points: 1, the verdict is erroneous and manifestly against the weight of the evidence; 2, the verdict is excessive; and 3, one erroneous instruction was given by the court on behalf of plaintiff.

On the evening in question, plaintiff, 19 years old, was a member of and playing center for an amateur basketball team known as the Rockford Athletic Club Basketball Team in a basketball game with an amateur team known as Blackhawk Athletic Club Basketball Team, of which defendant was a member. Plaintiff's

team was going for the north goal and plaintiff was standing in the free-throw area facing south with his back to the north basket, with defendant, on the opposing team, guarding him. Defendant was standing directly in back of plaintiff and the evidence on behalf of the plaintiff is that plaintiff was about to receive a pass of the ball from a teammate when defendant pushed him and then struck him in the face with his fist and, as plaintiff fell, struck him again, knocking him unconscious. Witnesses testified that defendant was swearing profusely; that as plaintiff was on the floor, defendant said, "It served him right and as far as the game was concerned he was going to teach him a lesson, one of those two was going to play in the city and one wasn't." He said "Get up you blank." He said "Get up you son-of-a-bitch." The witness stated "and he said that again. I couldn't say offhand, how long Griggas was lying on the floor without moving. Fifteen minutes at least he was laying there."

Plaintiff was taken to the hospital where he was under treatment from November 15, 1953, to December 5, 1953. His right temple near the right eye was bruised badly and swollen, his mouth was lacerated with both lips cut and swollen. He testified he had to eat through a straw as he could not eat "solid liquids." His forehead and mouth hurt him and he had constant headaches. He was in pain when he woke up in the hospital. Since the occurrence he has had constant headaches and his eyes, he testified, "are going bad so that he must wear glasses." Prior to the injury, he did not have headaches and never wore glasses. The hospital bill was $262.10 and the doctor bill was $100. At the time of his injury plaintiff was a Freshman at DePaul University under a basketball scholarship which provided room and board, books and tuition and incidental fees. He had to miss four and one-half weeks of school, with the result that he dropped out of school.

415

At the time of the trial, plaintiff was attending the University of Minnesota on a scholarship covering tuition and incidental fees.

Appellant's counsel claims that the court gave the following improper instruction on behalf of the plaintiff:

"The jury are instructed that, in an action of assault and battery, the insult and indignity inflicted upon a person by giving him a blow in anger, rudeness or insolence, constitute an element of damages, and in this case, if the jury believe from the evidence that the defendant, La Verne Clauson, committed an assault upon the plaintiff, Robert Griggas, as charged in the Complaint, then the jury in assessing damages may consider as an aggravation of the wrong the mental suffering and mortification of feeling of the plaintiff, arising from the insult and indignity of the defendant's blow, if any such is proved."

This is the only instruction appearing in the abstract and the abstract shows, without setting up the contents of same that other instructions were given for plaintiff and also that instructions were given on behalf of the defendant.

It has long and repeatedly been held that error in giving instructions will be considered, on appeal, only where all the instructions given are presented or set out in full in the abstract. City of Roodhouse v. Christian, 158 Ill. 137; Toluca, M. & N. Ry. Co. v. Haws, 194 Ill. 92; Thompson v. People, 192 Ill. 79; Briggs v. Page, 222 Ill. App. 223; Willey v. Dake, 118 Ill. App. 47. As stated in City of Roodhouse v. Christian, supra, at p. 141: "Parties have no right to set forth a single instruction, or the instructions given on one side of the case, and object to the same, leaving the court to go to the record for the purpose of determining whether others supply omissions or cure defects complained of."

416

Appellant bases his objection to the above instruction on the case of Tanner v. Palmer, 339 Ill. App. 377. Neither the facts nor the instruction are the same in that case as in ours. There the evidence disclosed that defendant was on his own property and was not causing any disturbance at all and plaintiff and his hired man came over to defendant's place, in plaintiff's car in which he had a pitchfork, with the express purpose of making defendant apologize. Plaintiff was the aggressor throughout the affray. The instruction told the jury that in considering the amount of their verdict, they could take into consideration "physical and mental suffering." In our case, the instruction says "as an aggravation of the wrong" the jury may consider the mental suffering and mortification of the plaintiff, arising from the insult and indignity of the defendant's blow, if any such is proved. This instruction clearly restricts the mortification, if any, that plaintiff suffered to that arising from the blow, and is merely a different way of telling the jury they may assess punitive damages.

The instruction complained of is taken verbatim from the case of Von Reeden v. Evans, 52 Ill. App. 209, at p. 213—an action for assault and battery in which it was expressly approved. The case has never been overruled.

In Shea v. Cassidy, 257 Ill. App. 557, where $30,000 was allowed in an assault case, complaint was made of an instruction authorizing the jury to take into consideration plaintiff's bodily pain and future suffering when there was no pleading or evidence to warrant the consideration of such an element of damage. The court said the point was without merit and upheld the verdict.

In Chicago City Ry. Co. v. Smith, 226 Ill. 178, objection was made by defendant to an instruction which told the jury in estimating plaintiff's damages, to consider among other elements of damages, "to what ex-

tent, if any, he (appellee) has been injured or marred in his personal appearance, and to what extent, if any, he may have endured physical and mental suffering as a natural and inevitable result of such injury." The instruction was upheld in that case.

We are clearly of the opinion that the instruction complained of was warranted by the evidence and could not have misled the jury to the prejudice of the defendant. It does not appear to us that the jury, in arriving at plaintiff's damages, were influenced by the instruction as to future mental pain, or gave any greater amount as damages than they would have done had such instruction been omitted.

As to appellant's contention that the verdict is excessive. In the early case of Jones v. Jones, 71 Ill. 562, our Supreme Court held that plaintiff in an action for assault and battery was entitled to recover such amount of damages that would compensate him for the injury sustained, and if the acts on the part of the defendant were wanton and wilful, the jury, according to well and uniformly recognized rules, had the right to give punitive damages. This rule of law was repeated in Taneski v. St. Louis M. B. T. Ry. Co., 230 Ill. App. 300.

If the testimony on behalf of appellee is true, he was subjected to a wanton and unprovoked assault and was struck at a time when he had his back to defendant. The statements of defendant at the time plaintiff was lying on the floor and during part of the time that plaintiff was unconscious, show the true state of his mind, contrary to his testimony that plaintiff was injured as they were jumping for the ball. Considering the injuries sustained by the plaintiff, the time he was in the hospital, the doctor and hospital bills of $362.10, and the fact that the jury was entitled to grant exemplary damages, we cannot say that the verdict is excessive.

Five witnesses, including plaintiff, testified for plaintiff. Four of them were eyewitnesses, the other was the doctor. Six witnesses, including defendant, testified for defendant. The jury saw and heard the witnesses. Where disputed questions of fact are presented to a jury and the jury passes upon them, unless palpably erroneous, the finding of fact will not be disturbed by the reviewing court. People v. Hanisch, 361 Ill. 465; Krug v. Armour & Co., 335 Ill. App. 222; Becherer v. Belleville-St. Louis Coach Co., 322 Ill. App. 37; Rembke v. Bieser, 289 Ill. App. 136; Leahy v. Morris, 289 Ill. App. 99. It is not the province of the court to substitute its judgment for that of the triers of fact, where there is a conflict in the evidence. Becherer v. Belleville-St. Louis Coach Co., supra, Martin v. Village of Patoka, 305 Ill. App. 51. It is the province of the jury alone, to determine the weight of evidence and the credibility of witnesses. Rembke v. Bieser, supra. To be against the "manifest weight of the evidence" requires that an opposite conclusion be clearly evident. Olin Industries, Inc. v. Wuellner, 1 Ill.App.2d 267; Schneiderman v. Interstate Transit Lines, Inc., 331 Ill. App. 143, 147.

We have examined the record and do not find that the verdict is manifestly against the weight of the testimony. Under these circumstances we have no right to set aside the jury's finding. The judgment of the circuit court accordingly is affirmed.

Judgment affirmed.

DOVE, J., concurs.