Frank Dinger and Florence Dinger, Plaintiffs-Appellees, v. Frank O. Rudow, Defendant-Appellant.

Gen. No. 10,106.

Third District.

April 29, 1957.

Rehearing denied May 27, 1957.

Released for publication May 27, 1957.

445

Hershey & Bliss, of Taylorville (Rolland F. Tipsword and Richard G. Hershey both of Taylorville, of counsel) for defendant-appellant.

Stuart J. Traynor & Harold Broverman, of Taylorville (Stuart J. Traynor and Harold Broverman, both of Taylorville, of counsel) for plaintiff-appellee.

JUDGE ROETH delivered the opinion of the court.
This is an action brought by Frank Dinger and Florence Dinger his wife, against the defendant Frank O. Rudow, growing out of a collision between the automobile being driven by Frank Dinger in which his wife was riding as a passenger, and an automobile being driven by the defendant. The original complaint consisted of two counts, count 1 on behalf of Frank Dinger to recover for the damage to his car, and count 2 on behalf of Florence Dinger to recover for personal injuries sustained by her. The issues were tried before a jury and the jury returned a verdict of $4500 in favor of the plaintiff Florence Dinger but returned no verdict as to the claim of Frank Dinger. Upon announcement of the verdict, Frank Dinger dismissed

his suit at his costs and judgment was entered on the verdict in favor of Florence Dinger and against the defendant. The usual post trial motions were thereafter filed and overruled.

The collision in question occurred in Pana, Illinois at the intersection of Fifth Street and State Highway 51. State Highway 51 is also known as Poplar Street. Fifth Street extends east and west and Poplar Street extends north and south. There are stop signs on Fifth Street for traffic crossing or entering Poplar Street, located approximately 15 feet from the corner. From the intersection south, Poplar Street extends up an incline a distance of 200 feet to a crest and then drops down on the other side of the crest to the south. A car travelling north on Poplar Street is visible from the intersection of Fifth Street and Poplar Street, as it reaches the crest of the hill and then proceeds north over the 200 foot distance to the intersection.

Frank Dinger was driving his automobile in an easterly direction on Fifth Street. Riding with him in the front seat, were his 10 year old niece to his immediate right, and his wife, the plaintiff, next to the niece on the niece's right. The defendant was driving his automobile in a northerly direction on Poplar Street. The cars collided in the northbound lane of Poplar Street, east of the center line of said street.

The principal facts in dispute are, whether Dinger stopped at the stop sign before proceeding across the intersection and the speed of the Rudow car as it approached the intersection. Dinger, his wife and his niece, all testified that Dinger stopped and that each of them looked both ways and didn't see the Rudow car before starting across Poplar Street. The defendant and a witness who was in a parking lot on the northwest corner, both testified that Dinger did not stop. As to speed of the defendant's car, Dinger estimated it at 60 to 65 miles per hour and his wife at 70

447

to 80 miles per hour. The defendant and the witness on the corner estimated the speed at 20 to 25 miles per hour. Undisputed facts bearing upon the issues are that the defendant's car laid down skid marks on the pavement for a distance of 32 feet; the Dinger car was travelling about 5 to 10 miles per hour across the intersection; the collision occurred on the east half of Poplar Street. The plaintiff Frank Dinger testified that he first observed the defendant's car when he was half way across Poplar Street and at that time it was 73 feet from him. Defendant testified that he saw the Dinger car when he was 100 feet from the intersection and at that time the Dinger car was 45 feet west of the intersection.

▇▇▇ Defendant contends that the verdict is against the manifest weight of the evidence and that Florence Dinger was guilty of contributory negligence as a matter of law. From the foregoing resumé of the salient testimony in this record, it is apparent to this court that the questions of negligence, proximate cause and contributory negligence were all questions of fact for the jury. A court of review cannot hold the jury's verdict to be against the manifest weight of the evidence unless an opposite conclusion is clearly evident. De Long v. Whitehead, 11 Ill.App.2d 330, 137 N.E.2d 276; Green v. Keenan, 10 Ill.App.2d 53, 134 N.E.2d 115; Griggas v. Clauson, 6 Ill.App.2d 412, 128 N.E.2d 363.

▇▇ Defendant cites the oft cited case of Dee v. City of Peru, 343 Ill. 36, 174 N. E. 901, in support of the contention that Florence Dinger was guilty of contributory negligence as a matter of law. It is the contention that she cannot be heard to say that she looked and did not see the defendant's car. This contention assumes that the defendant's car was visible when she looked, i.e., before proceeding into the intersection. On the other hand it is a fair inference that

448

at that time, the defendant's car had not yet reached the crest of the hill and was not then visible. The case of Dee v. City of Peru, supra, has no application to the case at bar.

■■ Defendant contends that the trial court committed error in refusing a continuance when reference to insurance was made on the voir dire examination of jurors. The record does not contain the complete voir dire examination. However, the court supplied the record of what transpired with the following statement:

"THE COURT: The record as I understand it is that on examination of the Juror she was asked whether she had ever had any litigation while in an accident and she said, 'A small one, taken care of by the insurance company.' And on further examination the attorney for the Plaintiff said, 'This accident of yours was a small accident and was taken care of by the insurance company and you reported it to your insurance company and they took care of it?'."

Objection and motion for continuance by Mr. Hershey.
"THE COURT: I am going to overrule the motion.

I am going to say that the question of insurance has no connection with the present law suit but refers to a matter that had occurred with reference to an accident that a juror had and the motion will be overruled."

Later in the voir dire examination, another juror was asked:

"Q Were you ever involved in an accident?
A No, but my son was and the insurance took care of that also."

It is common practice in the trial of personal injury cases to ask a prospective juror if he or she has ever had an accident. The answer to such a question is not

449

within the control of counsel. So, it is likewise quite common for the juror to volunteer the information that, if he or she has been involved in an accident, the matter has been adjusted by an insurance company. Presumably this is done to convey to counsel the information that no litigation ensued. Counsel for plaintiffs did not pursue the repeated question after the objection was made. We cannot see how the repetition of the answer by counsel added anything to the original answer as made. The general rule is that where the record shows a design or purpose on the part of counsel to improperly inform the jury that the defendant is insured or that an insurance company is defending the case and the circumstances tend to show a prejudicial effect upon the jury, the conduct constitutes error. The record in this case as above set out, falls far short of coming within this rule.

Counsel for defendant also contends that the trial court erred in permitting the attending physician to express his opinion on the permanency of plaintiff's injuries. This contention is based upon the claim that the doctor had not described a specific condition to which the question of permanency could only relate. We note that counsel for defendant have not undertaken to abstract the testimony appearing on pages 131 and 132 of the record. An examination of pages 130 through 134 of the record reveals that the very opposite of what counsel contends is true. There is no merit in this contention.

Finally counsel for defendant contends that the verdict of the jury is invalid because it did not pass upon all the issues of the case. Four forms of verdict were given to the jury (1) finding the issues for Frank Dinger and assessing his damages (2) finding the issues for Florence Dinger and assessing her damages (3) finding defendant not guilty as to the claim of Frank Dinger and (4) finding defendant not

450

guilty as to the claim of Florence Dinger. The jury filled in and signed only form 2 above. Regardless of the correctness or incorrectness of defendant's claim that the failure of the jury to sign any form with respect to the claim of Frank Dinger amounts to no verdict as to this claim, the defendant is not harmed because immediately upon the coming in of the verdict, counsel for Frank Dinger dismissed his suit at his costs.

We find no error in this record and accordingly the judgment of the Circuit Court of Christian county will be affirmed.

Affirmed.

REYNOLDS, P. J. and CARROLL, J., concur in this opinion.